UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
FIRST TRADE UNION BANK,

                   Plaintiff,                REPORT AND
                                                                      RECOMMENDATION
     -against-

                                                                      10 CV 5284 (RRM)(RML)

FORMERLY 8TH STREET LLC, *et al.*,

                   Defendants.
------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated June 20, 2011, the Honorable Roslynn R. Mauskopf, United States District Judge, referred plaintiff's motion for a default judgment to me for a report and recommendation on damages. I conducted a damages hearing on April 14, 2011, and plaintiff supplemented its default submission on April 28, 2011. For the reasons stated below, I respectfully recommend that plaintiff's motion be granted and that plaintiff be awarded $945,695.01 plus interest, with leave to request additional relief.

## BACKGROUND AND FACTS

        Plaintiff First Trade Union Bank ("plaintiff" or "First Trade Union") commenced this mortgage foreclosure action in November 2010. Plaintiff now seeks a default judgment against defendants Formerly 8th Street LLC, Jerrold Z. Gorelick, Fairview Housing Group, Inc., Phoenix Sheet Steel Corp., Darius Masonry, Inc., and A to Z Steel, LLC.[1] Plaintiff has demonstrated that each of these defendants was properly served with the Summons and Complaint. (See Affidavit of Service of Thomas Steidel with respect to Formerly 8th Street

---

[1] Defendant CDJ Builders Corp. has answered the complaint and asserted counterclaims and cross-claims. (See Verified Answer of CDJ Builders Corp., dated Jan. 9, 2011.)

LLC, sworn to Dec. 1, 2010; Affidavit of Service of Howard Ettinger with respect to Jerrold Z. Gorelick, sworn to Dec. 2, 2010; Affidavit of Service of Thomas Steidel with respect to Fairview Housing Group, Inc., sworn to Dec. 1, 2010; Affidavit of Service of Howard Ettinger with respect to Phoenix Sheet Steel Corp., sworn to Dec. 2, 2010; Affidavit of Service of Howard Ettinger with respect to Darius Masonry, Inc., sworn to Dec. 2, 1010; Affidavit of Service of Edward Mikhli with respect to A to Z Steel, LLC, sworn to Nov. 27, 2010.) In addition, a Clerk's Entry of Default confirms that none of these defendants has filed an answer or otherwise moved with respect to the complaint, and that the time to do so has expired. (Clerk's Entry of Default, dated Mar. 2, 2011.) I therefore respectfully recommend that plaintiff's motion for a default judgment be granted with respect to defendants Formerly 8th Street LLC, Jerrold Z. Gorelick, Fairview Housing Group, Inc., Phoenix Sheet Steel Corp., Darius Masonry, Inc., and A to Z Steel, LLC.

It is settled that, upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Time Warner Cable of N.Y. City v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).

According to plaintiff's complaint, as well as the evidence admitted at the hearing on April 14, 2011, plaintiff and defendant Formerly 8th Street LLC ("Formerly 8th St." or the "Borrower") entered into a building loan agreement on July 18, 2008. (Verified Complaint,

dated Nov. 16, 2010 ("Compl."), ¶ 2; Hearing Ex. A(1).) Pursuant to that agreement, plaintiff agreed to loan the Borrower $1,700,000.00 to construct a seven-unit residential condominium building on an unimproved vacant lot in Greenpoint, Brooklyn. (Compl. ¶¶ 22–25.) At the same time, the Borrower executed a promissory note in the amount of $1,700,000.00 (the "Note"), payable to the order of plaintiff, as evidence of the loan. (Compl. ¶ 27; Hearing Ex. A(2).) The Note is secured by a Mortgage, Security Agreement, Financing Statement, and Assignment, dated July 18, 2008 (the "Mortgage"), which plaintiff recorded in the Office of the City Register of the City of New York on August 11, 2008. (Compl. ¶¶ 28–29; Hearing Ex. A(3).)

Also on July 18, 2008, defendant Jerrold Z. Gorelick ("Gorelick" or the "Guarantor"), a principal of the Borrower, executed a full-recourse Guaranty. (See Hearing Ex. A(5); Transcript of Hearing, dated Apr. 14, 2011 ("Tr."), at 33.) Under the Guaranty, Gorelick made an "absolute, unconditional, and continuing guaranty" of the "full and punctual payment when due (whether at maturity, by acceleration, or otherwise), and the performance of all liabilities, agreements and other obligations" of the Borrower to plaintiff. (Hearing Ex. A(5) ¶ 1.) Gorelick also signed a "Guaranty of Completion," which required him to complete the construction himself, or pay for its completion, if requested by First Trade Union. (Hearing Ex. A(7).)

Under the loan agreement, plaintiff was to advance loan proceeds to the Borrower "upon its receipt of a requisition from [the] Borrower." (Hearing Ex. A(1) § V(A).) Unless certain events occurred, the entire principal amount of the loan then outstanding was to become due upon a default or on the "maturity date" of February 1, 2010, whichever was earlier. (Id. § VI; Hearing Ex. A(2) at 1.) As of February 1, 2010, plaintiff had advanced $802,058.74 to the

Borrower under the loan agreement. (Compl. ¶ 35.)

The Borrower did not pay the amount due on February 1, 2010. (Id. ¶ 39.) By letter dated July 8, 2010, plaintiff gave the Borrower written notice of it default, pursuant to section thirty-six of the Mortgage. (Id. ¶ 43; see also Hearing Ex. A(3) § 36(a).) The letter stated that the Borrower owed plaintiff $831,968.86, which included outstanding principal, accrued interest, and other fees and costs. (Compl. ¶ 44, Ex. 4.) In addition, on November 2, 2010, plaintiff's counsel notified Gorelick that the Borrower had defaulted on its obligations and demanded that the entire outstanding indebtedness due under the Guaranty be paid in full. (See Hearing Ex. A(6).) To date, neither the Borrower nor Gorelick has paid any part of the amount due (Compl. ¶ 45; Tr. at 24) and, according to plaintiff, a site inspection showed that the construction is approximately thirty-seven percent complete (Tr. at 34).

## DISCUSSION

A. Foreclosure

Upon the occurrence of an Event of Default, which includes failure to pay amounts due, First Trade Union has the right to foreclose on the Mortgage. (Hearing Ex. A(3) §§ 36, 38, 39.) Plaintiff's first cause of action seeks foreclosure of the Mortgage as against all defendants. I recommend that this relief be granted with respect to the defaulting defendants, and that in the event any of the defaulting defendants claims to have an interest or lien upon the mortgaged property, that interest or lien be deemed subject and subordinate to the lien of the Mortgage.

B. Unpaid Principal

At the hearing, plaintiff's representative, Joe Santacroce, testified under oath that

the principal amount due and owing under the loan agreement is $802,058.74. (Tr. at 17.) Plaintiff's "payment run" for Formerly 8th St., a document made and kept in the ordinary course of business that reflects payments owed and received, supports Mr. Santacroce's unopposed testimony. (Id. at 9–11; Hearing Ex. C.) I therefore respectfully recommend that plaintiff be awarded $802,058.74 in unpaid principal from defendants Formerly 8th St. and Gorelick.

C. Accrued Interest

Under the terms of the Note, the interest rate during the term of the loan was six percent. (See Hearing Ex. A(2) at 2; Tr. at 24.) Formerly 8th St. made a number of interest payments during the course of the loan (see Hearing Ex. C; Tr. at 9, 16), but as of April 11, 2011, the Borrower owed $62,159.08 in accrued interest (Tr. at 26; Hearing Ex. B). Having reviewed plaintiff's submissions thoroughly, I find this amount accurate, and I respectfully recommend that plaintiff be awarded $62,159.08 in accrued interest, plus additional interest through the date of entry of judgment, from defendants Formerly 8th St. and Gorelick.

D. Default Interest and Late Charges

The Note also states:

> If any payment hereunder is not paid within ten (10) days of the date when due . . . (i) such overdue amount shall thereafter bear interest until paid in full at a rate per annum equal to 6% above the rate of interest otherwise in effect from time to time hereunder, payable on demand, and (ii) the [Borrower] shall pay the holder a late payment charge equal to 6% of the overdue amount, payable on demand.

(Hearing Ex. A(2) at 2.) According to plaintiff's records and Mr. Santacroce's testimony, the Borrower owed $56,678.20 in default interest and $6,472.51 in late charges as of April 11, 2011. (Hearing Ex. B; Tr. at 27; Letter of Steven D. Isser, Esq., dated Apr. 28, 2011.) I respectfully

recommend that plaintiff be awarded those amounts from defendants Formerly 8th St. and Gorelick, and that the interest and late charges continue to accrue until the date of entry of judgment.

### E. Insurance

Paragraph 5 of the Mortgage requires the Borrower to maintain various levels of insurance on the property. (See Hearing Ex. A(3) at 4.) In addition, pursuant to paragraph 15 of the Mortgage, First Trade Union "shall have the right" and is authorized to "pay the premiums for any insurance required" under the Mortgage, with the Borrower to pay plaintiff "on demand an amount equal to all amounts so incurred or paid, together with interest[.]" (Id. at 8.) Mr. Santacroce testified that, pursuant to this provision, plaintiff paid $18,326.48 for forced place insurance, to cover insurance costs that the Borrower failed to pay. (Tr. at 31; Hearing Ex. B.) I therefore respectfully recommend that plaintiff be awarded $18,326.48 in insurance costs from defendants Formerly 8th St. and Gorelick, plus insurance costs incurred from April 11, 2011 to the date of entry of judgment.

### F. Guaranty of Completion

Mr. Santacroce testified, based on his thirty-three years of construction lending experience, that it will cost approximately $900,000 to complete construction of this project. (Tr. at 34–35.) Under the personal Guaranty of Completion, defendant Gorelick is liable for the cost of completing the construction. (See Hearing Ex. A(7).) Nonetheless, plaintiff has not yet incurred the cost of completing the project and cannot provide more than a general estimate at this time. I therefore recommend that this request be denied, with leave to pursue this remedy at a later date.

G. Attorney's Fees

Under paragraph 18 of the Mortgage, First Trade Union is entitled to "collect all costs, charges and expenses, including reasonable attorneys' fees, incurred in connection" with any foreclosure proceedings. (Hearing Ex. A(3).) Plaintiff states that, as of April 11, 2011, it had incurred $72,945.45 in legal fees related to collecting this debt and foreclosing on the Mortgage. (Tr. at 32; Hearing Ex. B.)

In New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983), the Second Circuit held that all applications for attorney's fees must be accompanied by contemporaneous time records indicating "the date, the hours expended, and the nature of the work done." This is a "hard-and-fast-rule 'from which attorneys may deviate only in the rarest of cases.'" Scott v. City of New York, Nos. 09 CV 3943, 09 CV 5232, 2011 WL 1990806, at *1 (2d Cir. May 24, 2011) (quoting Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010) (per curiam)).

Moreover, in calculating a "presumptively reasonable" fee award, the court must first establish a reasonable hourly rate, which is "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008). Reasonable hourly rates are determined by reference to, inter alia, fees in the community in which the action is pending and to the skill and experience of the attorney who worked on the matter. See, e.g., Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997). See generally Arbor Hill, 522 F.3d at 184. The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. See Cruz v. Local Union No. 3 of the IBEW, 34 F.3d 1148, 1160 (2d Cir. 1994) (citing Hensley

v. Eckerhart, 461 U.S. 424, 437 (1983)).

Plaintiff has not submitted contemporaneous time records. Nor has plaintiff stated the number of hours or the hourly rate for which it seeks compensation. I therefore recommend that this request be denied, with leave for plaintiff to submit a detailed fee application.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for a default judgment against defendants Formerly 8th Street LLC, Jerrold Z. Gorelick, Fairview Housing Group, Inc., Phoenix Sheet Steel Corp., Darius Masonry, Inc., and A to Z Steel, LLC be granted, and that (1) in the event any of the defaulting defendants claims to have an interest or lien upon the mortgaged property, that interest or lien be deemed subject and subordinate to the lien of plaintiff's Mortgage, and (2) plaintiff be awarded (a) $802,058.74 in unpaid principal, (b) $62,159.08 in accrued interest, (c) $56,678.20 in default interest, (d) $6,472.51 in late charges, and (e) $18,326.48 for forced place insurance, for a total of $945,695.01, against defendants Formerly 8th St. and Gorelick. I further recommend that plaintiff be awarded additional interest and insurance costs accruing from April 11, 2011 through the date of entry of judgment, and that plaintiff be given leave to seek damages under the guaranty of completion, as well as attorney's fees and costs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Mauskopf and to my chambers, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       August 5, 2011